UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIA HICKS, ) | |
| Individually and for Others Similarly ) | |
| Situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24 CV 1447 CDP |
| ) | |
| SSM HEALTHCARE CORP., ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Tia Hicks is a registered nurse who sues SSM Healthcare Corp. under the Fair Labor Standards Act, 29 U.S.C. § 207(a), § 216(b). Her complaint seeks to bring a collective action on behalf herself and others similarly situated, alleging that they were wrongfully classified as independent contractors and so were not paid time-and-a-half for work over 40 hours per week. She alleges a class of patient care providers "who worked for SSM Health Care Corporation ("SSM") through the CareRev platform …" Several members of the putative class have filed notices of consent to join as plaintiffs, but Hicks is the only plaintiff named in the complaint. Pending are plaintiff's motion for conditional certification as a collective action and defendant's motion to compel arbitration.

Defendant's motion to compel arbitration is based on arbitration agreements contained the putative plaintiffs' contracts with CareRev,[1] and defendant argues that Hicks and the others were not employees of SSM Health Care.  CareRev is not named as a defendant.  Plaintiff's brief in opposition to the arbitration motion indicates that Hicks has agreed to proceed with her claim in arbitration.  ECF 45 at 2.  Her brief states that "Plaintiffs anticipate filing an amended complaint to replace Hicks as a named plaintiff."  ECF 45 at 2.  Although that response was filed on March 31, 2025, plaintiff has not sought leave to file an amended complaint.

The Court cannot proceed to rule on the motions as currently presented given the procedural posture of this case.  The parties are essentially asking me to rule on motions directed to a hypothetical lawsuit.  They admit that the only named plaintiff does not wish to proceed with this lawsuit.  Although additional opt-in plaintiffs have filed consents to join this case, there are no factual allegations in the complaint respecting these opt-in plaintiffs.  The Court cannot determine whether to compel arbitration or to conditionally certify a collective action without a complaint that alleges an actual plaintiff who is actually bringing the case, factual allegations for the claim brought by that plaintiff or plaintiffs, their employment, what contracts they may or may not have signed, and with whom.

---

[1] CareRev is not named as a defendant.

Accordingly,

**IT IS HEREBY ORDERED** that any motion to amend the complaint must be filed Local Rule 4.07 by no later than **June 11, 2025**.  Any opposition must be filed no later than **June 25, 2025**.  Any reply brief must be filed by noon on **July 2, 2025**.

Failure to file a motion for leave to amend will result in this lawsuit being dismissed without prejudice as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2025.